UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | **Martin Luther King Federal Building**<br>**& U.S. Courthouse**<br>**50 Walnut Street**<br>**Newark, NJ 07101**<br>**(973) 645-3574** |

November 6, 2023

To:   All counsel and parties of record

**LETTER OPINION**

RE:   *Lamont Vaughn v. Lt. Taylor, et al.*
      **Civil Action No. 21-15045 (EP) (LDW)**

Dear Counsel and Parties:

Before the Court are the parties' numerous submissions concerning discovery. Plaintiff *pro se* Lamont Vaughn requests to amend his Complaint, to have the Court order the production of documents and video footage, and to depose numerous defendants. (ECF No. 46 at 4-5, 7). Defendants' counsel either do not oppose or take no position as to plaintiff's application to amend. (*See* ECF No. 50 at 2; ECF No. 51 at 1). Defendant Essex County requests a one-month extension of fact discovery to respond to plaintiff's demands. (ECF No. 52 at 2).

The Court first addresses plaintiff's application to amend his pleading. Plaintiff seeks to name additional defendants, all apparently employees of Essex County, on the basis that they were participants in the alleged excessive force forming the basis of his claims. Given plaintiff's *pro se* status, the Court construes the application as a motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed" (internal quotations omitted)). Here, the Court finds good cause under Fed. R. Civ. P. 16 to allow plaintiff to amend his complaint after the date set for the pleadings to be amended in the initial Pretrial Scheduling Order. Because plaintiff represents that he only learned of the identities of these additional individuals from defendant Matos' interrogatories, which were served in July 2023, plaintiff has demonstrated good cause to seek to amend after the deadline set by the Scheduling Order. (ECF No. 46 at 4 (noting that defendant Matos' interrogatories were received only on July 23, 2023)).

Plaintiff's proposed amendment also satisfies the criteria of Fed. R. Civ. P. 15. Leave to amend under Rule 15(a)(2) shall be freely granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the instant motion, there is no suggestion of any of the foregoing, nor does any defendant contend otherwise. Thus, plaintiff's motion to amend satisfies Rule 15.

Given that it can take substantial time for service of a *pro se* pleading by the Marshals (*see* ECF Nos. 7-12 (detailing the steps involved in service of process)) and given that much of the additional discovery in this case, especially depositions, should await the service upon and participation in discovery of the new defendants, the Court believes a temporary stay of discovery until the new defendants appear is in order. *See Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stating that "it is well settled that Magistrate Judges have broad discretion to manage their docket and decide discovery issues"). The discovery that has already been served should be answered, however. Defendant Essex County may do so, including providing a response to plaintiff's request for video footage, within the thirty days requested in its certification. (ECF No. 52 at 2). As to defense counsel's assertions that they did not receive certain of plaintiff's discovery requests (ECF No. 50 at 1; ECF No. 51 at 1), plaintiff is directed to serve those demands again within 21 days hereof, and defendants shall answer the same within 40 days of receipt.

Other than the foregoing, all further discovery is stayed, and this case shall be ADMINISTRATIVELY TERMINATED until the new defendants begin to enter appearances by way of pleading or motion.

It is **SO ORDERED**.

                                              *s/ Leda Dunn Wettre*
                                              Hon. Leda Dunn Wettre
                                              United States Magistrate Judge

Orig: Clerk
cc: Hon. Evelyn Padin, U.S.D.J.